IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3124 |
| vs. | |
| REED W. LAWSON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report (PSR) in this case. The defendant has objected to the PSR. Filing 39.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the PSR. Filing 39. The probation officer found that the defendant committed the instant offense while on parole for a 2010 conviction for delivery of a controlled substance, warranting the addition of two criminal history points under U.S.S.G. § 4A1.1(d). *See* PSR at ¶¶ 29, 51, 58 & p. 23. The defendant was discharged from parole on January 28, 2013. PSR at ¶ 51. He pleaded guilty to committing the instant offense beginning "on or about" December 1, 2012. PSR at ¶ 1; filing 1. A cooperating witness would testify that he first met with the defendant (to purchase methamphetamine) around December 2012. PSR at ¶ 29.

    The defendant objects, asserting that he was not on parole when he began the instant offense and challenging the credibility and reliability of the cooperating witness.[1] Filing 39. Thus, the question for the Court is whether the defendant did, in fact, begin the instant offense prior to January 28, 2013. The government bears the burden of proof on this matter. *See United States v. Starr*, 986 F.2d 281, 282 (8th Cir. 1993). And because the defendant has objected to the factual basis of the PSR, the government may not rely upon it, but most produce evidence. *See United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014). Therefore, the Court will resolve this matter at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are

---

[1] The Court does not view defendant's admission of the dates stated in the indictment, which were only approximations, as necessarily foreclosing this argument.

required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of April, 2015.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge